**Rule 113.1. Confidential Information and Confidential Documents. Certification.**

Unless public access is otherwise constrained by applicable authority, any attorney, or any party if unrepresented, or any affiant who files a document pursuant to these rules with the issuing authority or clerk of courts' office shall comply with the requirements of Sections 7.0 and 8.0 of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* (Policy). In accordance with the Policy, the filing shall include a certification of compliance with the Policy and, as necessary, a Confidential Information Form**[, unless otherwise specified by rule or order of court,]** or a Confidential Document Form.

**Comment**

"Applicable authority," as used in this rule, includes but is not limited to statute, procedural rule, or court order. The *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* (Policy) can be found on the website of the Supreme Court of Pennsylvania at: http**s**://www.pacourts.us/public-records. The Policy is applicable to all filings by the parties or an affiant in any criminal court case.

Sections 7.0(D) and 8.0(D) of the Policy provide that the certification shall be in substantially the following form:

I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.

Filings may require further precautions, such as placing certain types of information in a "Confidential Information Form." The Confidential Information Form and the Confidential Document Form can be found at: http**s**://www.pacourts.us/public-records/public-records-forms. **[In lieu of the Confidential Information Form, Section 7.0(C) of the Policy provides for a court to adopt a rule or order permitting the filing of a document in two versions, a "Redacted Version" and an "Unredacted Version."]**

In addition to the restrictions above, a filing party should be cognizant of the potential impact that inclusion of personal information may have on an individual's privacy rights and security. Therefore, inclusion of such information should be done only when necessary or required to effectuate the purpose of the filing. Consideration of the use of sealing or protective orders also should be given if inclusion of such information is necessary.

While the Public Access Policy is not applicable to orders or other documents filed by a court, judges should give consideration to the privacy interests addressed by the Policy when drafting an order that might include information considered confidential under the Policy.

**[Official Note:  New Rule 113.1 adopted January 5, 2018, effective January 6, 2018; amended June 1, 2018, effective July 1, 2018.**

***Committee Explanatory Reports*:**

**Final Report explaining the provisions of the new rule published with the Court's Order at 48 Pa.B. 490 (January 20, 2018).  Amendments regarding the changes to the Court's public access policy published with the Court's Order at 48 Pa.B. 3575 (June 16, 2018).]**

**Rule 420. Filing of Complaint.**

When the affiant is not a law enforcement officer, the affiant shall institute a criminal proceeding in a summary case by filing a complaint with the proper issuing authority.

**Comment**

With regard to the ''proper'' issuing authority as used in these rules, see Rule 130.

Complaints filed pursuant to this rule are public records. However, in addition to restrictions placed by law and rule on the disclosure of confidential information, the filings required by this rule are subject to the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* and may require further precautions, such as placing certain types of information in a ''Confidential Information Form.''**[ or providing both a redacted and unredacted version of the filing.]** *See* Rule 113.1.

**[Official Note:  Previous Rule 65 adopted September 18, 1973, effective January 1, 1974; rescinded July 12, 1985, effective January 1, 1986, and replaced by present Rules 409(B), 414(B), 424, 430(D), 431, and 456. Present Rule 65, adopted July 12, 1985, effective January 1, 1986. The January 1, 1986 effective dates all are extended to July 1, 1986; renumbered Rule 420 and Comment revised March 1, 2000, effective April 1, 2001; Comment revised June 1, 2018, effective July 1, 2018.**

***Committee Explanatory Reports*:**

**Final Report explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 Pa.B. 1478 (March 18, 2000). Amendments regarding the Court's public access policy published with the Court's Order at 48 Pa.B. 3575 (June 16, 2018).]**

**Rule 513. Requirements for Issuance; Dissemination of Arrest Warrant Information.**

(A)    For purposes of this rule, "arrest warrant information" is defined as the criminal complaint in cases in which an arrest warrant is issued, the arrest warrant, any affidavit(s) of probable cause, and documents or information related to the case.

(B)    ISSUANCE OF ARREST WARRANT

    (1)   In the discretion of the issuing authority, advanced communication technology may be used to submit a complaint and affidavit(s) for an arrest warrant and to issue an arrest warrant.

    (2)   No arrest warrant shall issue but upon probable cause supported by one or more affidavits sworn to before the issuing authority in person or using advanced communication technology. The issuing authority, in determining whether probable cause has been established, may not consider any evidence outside the affidavits.

    (3)   Immediately prior to submitting a complaint and affidavit to an issuing authority using advanced communication technology, the affiant must personally communicate with the issuing authority in person, by telephone, or by any device which allows for simultaneous audio-visual communication. During the communication, the issuing authority shall verify the identity of the affiant, and orally administer an oath to the affiant. In any telephonic communication, if the issuing authority has a concern regarding the identity of the affiant, the issuing authority may require the affiant to communicate by a device allowing for two-way simultaneous audio-visual communication or may require the affiant to appear in person.

    (4)   At any hearing on a motion challenging an arrest warrant, no evidence shall be admissible to establish probable cause for the arrest warrant other than the affidavits provided for in paragraph (B)(2).

(C)    DELAY IN DISSEMINATION OF ARREST WARRANT INFORMATION

The affiant or the attorney for the Commonwealth may request that the availability of the arrest warrant information for inspection and dissemination be delayed. The arrest warrant affidavit shall include the

4

facts and circumstances that are alleged to establish good cause for delay in inspection and dissemination.

(1) Upon a finding of good cause, the issuing authority shall grant the request and order that the availability of the arrest warrant information for inspection and dissemination be delayed for a period of 72 hours or until receipt of notice by the issuing authority that the warrant has been executed, whichever occurs first. The 72-hour period of delay may be preceded by an initial delay period of not more than 24 hours, when additional time is required to complete the administrative processing of the arrest warrant information before the arrest warrant is issued. The issuing authority shall complete the administrative processing of the arrest warrant information prior to the expiration of the initial 24-hour period.

(2) Upon the issuance of the warrant, the 72-hour period of delay provided in paragraph (C)(1) begins.

(3) In those counties in which the attorney for the Commonwealth requires that complaints and arrest warrant affidavits be approved prior to filing as provided in Rule 507, only the attorney for the Commonwealth may request a delay in the inspection and dissemination of the arrest warrant information.

**Comment**

This rule was amended in 2013 to add provisions concerning the delay in inspection and dissemination of arrest warrant information. Paragraph (A) provides a definition of the term ''arrest warrant information'' that is used throughout the rule. Paragraph (B) retains the existing requirements for the issuance of arrest warrants. Paragraph (C) establishes the procedures for a temporary delay in the inspection and dissemination of arrest warrant information prior to the execution of the warrant.

ISSUANCE OF ARREST WARRANTS

Paragraph (B)(1) recognizes that an issuing authority either may issue an arrest warrant using advanced communication technology or order that the law enforcement officer appear in person to apply for an arrest warrant.

This rule does not preclude oral testimony before the issuing authority, but it requires that such testimony be reduced to an affidavit prior to issuance of a warrant. All affidavits in support of an application for an arrest warrant must be sworn to before the

5

issuing authority prior to the issuance of the warrant. The language "sworn to before the issuing authority" contemplates, when advanced communication technology is used, that the affiant would not be in the physical presence of the issuing authority. *See* paragraph (B)(3).

All affidavits and applications filed pursuant to this rule are public records. However, in addition to restrictions placed by law and rule on the disclosure of confidential information, the filings required by this rule are subject to the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* and may require further precautions, such as placing certain types of information in a "Confidential Information Form.__"[ or providing both a redacted and unredacted version of the filing.]__ *See* Rule 113.1.

This rule carries over to the arrest warrant the requirement that the evidence presented to the issuing authority be reduced to writing and sworn to, and that only the writing is subsequently admissible to establish that there was probable cause. In these respects, the procedure is similar to that applicable to search warrants. *See* Rule 203. For a discussion of the requirement of probable cause for the issuance of an arrest warrant, see *Commonwealth v. Flowers*, 369 A.2d 362 (Pa. Super. 1976).

The affidavit requirements of this rule are not intended to apply when an arrest warrant is to be issued for noncompliance with a citation, with a summons, or with a court order.

An affiant seeking the issuance of an arrest warrant, when permitted by the issuing authority, may use advanced communication technology as defined in Rule 103.

When advanced communication technology is used, the issuing authority is required by this rule to (1) determine that the evidence contained in the affidavit(s) establishes probable cause, and (2) verify the identity of the affiant.

Verification methods include, but are not limited to, a "call back" system, in which the issuing authority would call the law enforcement agency or police department that the affiant indicates is the entity seeking the warrant; a "signature comparison" system whereby the issuing authority would keep a list of the signatures of the law enforcement officers whose departments have advanced communication technology systems in place, and compare the signature on the transmitted information with the signature on the list; or an established password system.

Under Rule 540, the defendant receives a copy of the warrant and supporting affidavit at the time of the preliminary arraignment.

*See* Rule 556.11 for the procedures for the issuance of an arrest warrant by the supervising judge of an indicting grand jury following indictment of an individual not previously arrested.

DELAY IN DISSEMINATION OF ARREST WARRANT INFORMATION

Paragraph (C) was added in 2013 to address the potential dangers to law enforcement and the general public and the risk of flight when arrest warrant information is disseminated prior to the execution of the arrest warrant. The paragraph provides that the affiant or the attorney for the Commonwealth may request, for good cause shown, the delay in the inspection and dissemination of the arrest warrant information for 72 hours or until receipt of notice by the issuing authority that the warrant has been executed, whichever occurs first. Upon a finding of good cause, the issuing authority must delay the inspection and dissemination.

The request for delay in inspection and dissemination is intended to provide a very limited delay in public access to arrest warrant information in those cases in which there is concern that pre-execution disclosure of the existence of the arrest warrant will endanger those serving the warrant or will impel the subject of the warrant to flee. This request is intended to be an expedited procedure with the request submitted to an issuing authority.

A request for the delay in dissemination of arrest warrant information made in accordance with this rule is not subject to the requirements of Rule 576.

Once the issuing authority receives notice that the arrest warrant is executed, or when 72 hours have elapsed from the issuance of the warrant and the warrant has not been executed, whichever occurs first, the information must be available for inspection or dissemination unless the information is sealed pursuant to Rule 513.1.

The provision in paragraph (C)(2) that provides up to 24 hours in the delay of dissemination and inspection prior to the issuance of the arrest warrant recognizes that, in some cases, there may be administrative processing of the arrest warrant request that results in a delay between when the request for the 72-hour period of delay permitted in paragraph (C)(1) is approved and when the warrant is issued. In no case may this additional period of delay exceed 24 hours and the issuing authority must issue the arrest warrant within the 24-hour period.

When determining whether good cause exists to delay inspection and dissemination of the arrest warrant information, the issuing authority must consider whether the presumption of openness is rebutted by other interests that include, but are not limited to, whether revealing the information would allow or enable flight or resistance, the need to protect the safety of police officers executing the warrant, the

7

necessity of preserving the integrity of ongoing criminal investigations, and the availability of reasonable alternative means to protect the interest threatened by disclosure.

Nothing in this rule is intended to limit the dissemination of arrest warrant information to court personnel as needed to perform their duties. Nothing in this rule is intended to limit the dissemination of arrest warrant information to or by law enforcement as needed to perform their duties.

Pursuant to paragraph (C)(3), in those counties in which the district attorney's approval is required only for certain, specified offenses or grades of offenses, the approval of the district attorney is required for a request to delay inspection and dissemination only for cases involving those specified offenses.

**[Official Note:  Rule 119 adopted April 26, 1979, effective as to arrest warrants issued on or after July 1, 1979; Comment revised August 9, 1994, effective January 1, 1995; renumbered Rule 513 and amended March 1, 2000, effective April 1, 2001; amended May 10, 2002, effective September 1, 2002; amended December 23, 2013, effective March 1, 2014; amended November 9, 2017, effective January 1, 2018; Comment revised June 1, 2018, effective July 1, 2018; Comment revised November 27, 2018, effective March 1, 2019.**

*Committee Explanatory Reports:*

**Report explaining the August 9, 1994 Comment revisions published at 22 Pa.B. 6 (January 4, 1992); Final Report published with the Court's Order at 24 Pa.B. 4342 (August 27, 1994).  Final Report explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 Pa.B. 1478 (March 18, 2000).  Final Report explaining the May 10, 2002 amendments concerning advanced communication technology published with the Court's Order at 32 Pa.B. 2591 (May 25, 2002).  Final Report explaining the December 23, 2013 amendments providing procedures for delay in dissemination and sealing of arrest warrant information published with the Court's Order at 44 Pa.B. 243 (January 11, 2014).  Final Report explaining the November 9, 2017 amendments regarding electronic technology for swearing affidavits published with the Court's Order at 47 Pa.B. 7180 (November 25, 2017).  Comment revision regarding the Court's public access policy published with the Court's Order at 48 Pa.B. 3575 (June 16, 2018).  Final Report explaining the November 27, 2018 revision to the Comment cross-referencing post-indictment arrest warrant procedures in Rule 556.11 published with the Court's Order at 48 Pa.B. 7632 (December 15, 2018).]**

**Rule 578. Omnibus Pretrial Motion for Relief.**

Unless otherwise required in the interests of justice, all pretrial requests for relief shall be included in one omnibus motion.

**Comment**

Types of relief appropriate for the omnibus pretrial motions include the following requests:

(1)     for continuance;

(2)     for severance and joinder or consolidation;

(3)     for suppression of evidence;

(4)     for psychiatric examination;

(5)     to quash or dismiss an information;

(6)     for change of venue or venire;

(7)     to disqualify a judge;

(8)     for appointment of investigator;

(9)     for pretrial conference;

(10)    challenging the array of an indicting grand jury;

(11)    for transfer from criminal proceedings to juvenile proceedings pursuant to 42 Pa.C.S. § 6322; and

(12)    proposing or opposing the admissibility of scientific or expert evidence.

The omnibus pretrial motion rule is not intended to limit other types of motions, oral or written, made pretrial or during trial, including those traditionally called motions *in limine*, which may affect the admissibility of evidence or the resolution of other matters. The earliest feasible submissions and rulings on such motions are encouraged.

*See* Pa.R.E. 702 and 703 regarding the admissibility of scientific or expert testimony. Pa.R.E. 702 codifies Pennsylvania's adherence to the test to determine the admissibility of expert evidence first established in *Frye v. United States*, 293 F. 1013 (D.C. Cir. 1923) and adopted by the Pennsylvania Supreme Court in *Commonwealth v.*

*Topa*, 369 A.2d 1277 (Pa. 1977). Given the potential complexity when the admissibility of such evidence is challenged, such challenges should be raised in advance of trial as part of the omnibus pretrial motion if possible. However, nothing in this rule precludes such challenges from being raised in a motion *in limine* when circumstances necessitate it.

All motions filed pursuant to this rule are public records. However, in addition to restrictions placed by law and rule on the disclosure of confidential information, the motions are subject to the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* and may require further precautions, such as placing certain types of information in a "Confidential Information Form**.**"**[ or providing both a redacted and unredacted version of the filing.]** *See* Rule 113.1.

*See* Rule 113.1 regarding the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* and the requirements regarding filings and documents that contain confidential information.

*See* Rule 556.4 for challenges to the array of an indicting grand jury and for motions to dismiss an information filed after a grand jury indicts a defendant.

**[Official Note: Formerly Rule 304, adopted June 30, 1964, effective January 1, 1965; amended and renumbered Rule 306 June 29, 1977 and November 22, 1977, effective as to cases in which the indictment or information is filed on or after January 1, 1978; amended October 21, 1983, effective January 1, 1984; Comment revised October 25, 1990, effective January 1, 1991; Comment revised August 12, 1993, effective September 1, 1993; renumbered Rule 578 and Comment revised March 1, 2000, effective April 1, 2001; Comment revised June 21, 2012, effective in 180 days; Comment revised July 31, 2012, effective November 1, 2012; Comment revised September 21, 2017, effective January 1, 2018; Comment revised January 5, 2018, effective January 6, 2018; Comment revised June 1, 2018, effective July 1, 2018.**

*Committee Explanatory Reports***:**

**Report explaining the October 25, 1990 Rule 306 Comment revision published at 20 Pa.B. 1696 (March 24, 1990). Report explaining the August 12, 1993 Comment revision published at 22 Pa.B. 3826 (July 25, 1992). Final Report explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 Pa.B. 1478 (March 18, 2000). Final Report explaining the June 21, 2012, revision of the Comment referencing indicting grand jury rules published with the Court's Order at 42 Pa.B. 4153 (July 7, 2012). Final Report explaining the July 31, 2012 Comment revision adding motions for transfer published with the Court's Order at 42 Pa.B. 5340 (August 18, 2012).**

**Final Report explaining the September 21, 2017 Comment revision regarding pretrial challenges to the admissibility of expert evidence published with the Court's Order at 47 Pa.B. 6173 (October 7, 2017). Final Report explaining the January 5, 2018 Comment revisions regarding the Court's public access policy published with the Court's Order at 48 Pa.B. 490 (January 20, 2018). Comment revisions regarding the Court's public access policy published with the Court's Order at 48 Pa.B. 3575 (June 16, 2018).]**